

U.S. Department of Justice

**United States Attorney**
**Northern District of New York**

P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

315-448-0672
FAX: 315-448-0646

June 7, 2005

Honorable David N. Hurd
United States District Court Judge
U.S. Courthouse -- Room 300
10 Broad Street
Utica, New York 13501

**RESPONSE**

Re: **ROBERT M. WEICHERT v. U.S.A.**[1]
Civil Action No. 6:05-CV-0571 (DNH)
(See also: Criminal Action No. 84-CR-0139)

Dear Judge Hurd:

Please accept this letter in opposition to Plaintiff's "Notice of Motion to Annul, Vacate and Set Aside the Conviction in [U.S. v. Weichert, 84-CR-0139] on the Grounds of Prosecutorial Misconduct, and Further, Pursuant to Brady v. Maryland; Pyle v. Kansas; Berger v. United States and Subsequent Cases, Based on the Prosecutorial Use of Perjured Testimony." The Plaintiff, Robert M. Weichert (Weichert) seeks to challenge his conviction by collaterally attacking the conviction pursuant to 28 U.S.C § 2255. We respectfully submit that the Court should rule that the relief demanded by Weichert is not available under any legal theory. Weichert's substantive arguments are procedurally barred because they were not raised in connection with the trial or on appeal, and the Court lacks jurisdiction to grant the requested relief.

On May 31, 1985, Weichert was convicted on four counts of bankruptcy fraud and one count of conspiring to defraud the United States. Weichert was fined $5,000 and sentenced to 3 years imprisonment and 5 years suspended sentence conditioned on payment of $200,000 restitution. Weichert's conviction was affirmed on appeal. Weichert later raised a § 2255 motion challenging the conviction. The motion was adjudicated on the merits, finally resulting in a modified restitution of $155,956.64.

There are no viable avenues through which Weichert can sustain his new challenge to the conviction. Weichert's conviction has reached finality, direct review had ended, and the time for

---

[1]We are adopting the caption shown in the Court's electronic filing system; Mr. Weichert is shown there as the Plaintiff and the U.S. as the Defendant.

Letter to Hon. David N. Hurd
Re: Robert M. Weichert vs. U.S.A.
Civil Action No. 6:05-CV-0571
(See also: Criminal Action No. 84-CR-0139)
June 7, 2005
Page 2

making trial motions has long since passed.[2] Though Weichert seeks relief by claiming prosecutorial misconduct, the motion is in essence a collateral attack on Weichert's sentence which can only fall within the scope of § 2255. The court is not required to accept the labels that parties place on their motions if the labels are inappropriate as is the case here.[3] While a motion under § 2255 is the correct avenue for Weichert to pursue, § 2255 is nonetheless unavailable to him. Weichert raised a § 2255 motion challenging a portion of his sentence in 1987. This motion was adjudicated on the merits. As a second motion under § 2255, Weichert's current motion must pass the additional restrictions of the gatekeeping provision. The motion must be certified to contain either a previously unavailable rule of constitutional law or newly discovered evidence that is a clear and convincing illustration of his innocence.[4] Here, Weichert's motion is not based on any new or previously unavailable rule of constitutional law. Also, all the evidence which forms the basis of Weichert's motion was fully available to him in 1986 or earlier. Weichert was or should have been aware of these facts at that time. There has been no discovery of new evidence, exculpatory or otherwise, and Weichert should be barred from bringing this new § 2255 motion under the gatekeeping provision for second or successive motions.

In any event, Weichert's challenge to his bankruptcy fraud and conspiracy convictions is frivolous on the merits. Even if the prosecution had become aware of the alleged inconsistencies in Harold Goldberg's testimony, there is no violation and the § 2255 motion cannot be granted because Weichert had access to all pertinent records. Weichert's access to information has not changed in the last 19 years. A Plaintiff is required to exercise due diligence in gathering and using

---

[2] Both a Rule 33 motion for a new trial and Rule 34 motion for arrest of judgment must be made within 7 days of conviction, while even a Fed. R. Civ. P. 60(b) motion must be made within 1 year of judgment.

[3] U.S. v. Rivera, 376 F.3d 86, 92 (2d. Cir. 2004).

[4] 28 U.S.C § 2255 provides in pertinent part:

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Letter to Hon. David N. Hurd
Re: Robert M. Weichert vs. U.S.A.
Civil Action No. 6:05-CV-0571
(See also: Criminal Action No. 84-CR-0139)
June 7, 2005
Page 3

information to rebut false testimony.[5] Weichert had full access to all pertinent records and his failure to exercise due diligence in using this information illustrates that there was no prejudice against him. Weichert had the opportunity to raise this issue at trial or on appeal and § 2255 may not be used to retry the case or to raise questions which might have been raised on appeal.[6]

In conclusion, Weichert's motion is without factual or legal basis. We respectfully submit that his substantive arguments are procedurally barred because they were not raised in connection with the trial, on appeal, or in a timely motion under 28 U.S.C. § 2255. Further, Weichert should be barred from bringing this new § 2255 motion under the gatekeeping rules regarding second or successive § 2255 motions. Additionally, even if the motion is not barred, the claim fails on the merits. For the foregoing reasons, Weichert's motion under 28 U.S.C. § 2255 should be denied.

Sincerely,

GLENN T. SUDDABY
United States Attorney

By: /s/

WILLIAM H. PEASE – 102338
Assistant United States Attorney

WHP/clj

---

[5] Shih Wei Su v. Filion, 335 F.3d 119, 127 (2d Cir. 2003).

[6] United States v. Frady, 456 U.S. at 167-170, 103 S. Ct. at 1594-1595; Billy-Eko v. United States, 8 F.3d at 113-4

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBERT M. WEICHERT

              Plaintiff,              Civil Action No.
                                                       6:05-CV-0571(DNH)
                                                       (Criminal Action No.84-CR-0139)

              vs.                        **CERTIFICATE OF SERVICE**

UNITED STATES OF AMERICA

              Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

       I hereby certify that on June 7th, 2005, I electronically filed the foregoing

**RESPONSE**

with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

       N/A

       And, I hereby certify that I have mailed the document listed above by the United States Postal Service to the following non-CM/ECF Participant:

       Robert M. Weichert
       46 Oswego Street
       Baldwinsville, N.Y. 13027

/s/ *Christine L. Jerew*
CHRISTINE L. JEREW
Legal Assistant