U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 2 0 2005

LAWRENCE K. BAERMAN, Clerk
—— UTICA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

6:05-cv-0571

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. WEICHERT, ADIRONDACK WOOD STOVE WORKS, INC., and TIMBERLINE EAST,<br>Defendants. | Case No. 84-CR-139, 05-3202-op<br><br>SUPPLEMENTAL SUPPORTING AFFIDAVIT FOR WRIT OF ERROR CORAM NOBIS |

STATE OF NEW YORK
COUNTY OF ONONDAGA ss,:

Robert M. Weichert, affirms under penalty of perjury:

1. That this supporting affidavit is filed to show and document a continuing legal disability, resulting from deponent's conviction, and to meet the standard under the terms of the All Writs Act, 28 U.S.C. §1651(a).

2. As set forth in Fleming v. U.S., 146 F.3d 88, and U.S.. V. Moran, 346 U.S. 502, 74 S.CT. 247, 98 L.ed. 248(1954) deponent is required to show continuing legal disability, resulting from his conviction. The following are circumstances that petitioner continues to suffer as a consequence of his conviction, that may be granted by remedy of the writ.

 a. The conviction is an impediment and bar to deponent's application to the Appellate Division, Fourth Department for the reinstatement of his license to practice law in the State of New York.

 b. The conviction is an impediment and bars deponent's application for reinstatement to his privileges to practice before the United States Supreme Court, the Second Circuit Court of Appeals and the United States District Court for the Northen District of New York, all of which deponent was admitted to prior to his conviction, and the conviction was used

as the reason for disbarrment.

    c. The conviction is an impediment and bar to deponent's application for reinstatement of his New York Real Estate license and Notary Public.

    d. That the conviction is an impediment and a bar to firearms relief, restoration of Federal firearms privileges. Under the provisions of the Gun Control Act of 1968, convicted felons are prohibited from possessing firearms, 18 U.S.C. §922(g). Since October 1992, ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities, which circumstance continues to the present time. Attached hereto is a letter from the Department of Treasury, Bureau of ATF dated March 30, 1998 documenting the truth and veracity of deponant's statement to this court. Also attached, is a letter dated August 10, 2005 from the same agency documenting that those same circumstances persist through fiscal year 2005.

    e. Deponent's prior conviction deprives him his right to vote. Kyle v. U.S., 288 F.2d 440, 441 (2d Circuit 1941).

    f. The conviction is an impediment and bar to restoration of his pilot's license under FAA rules.

3. The aforementioned are in addition to those continuing legal disabilities mentioned and set forth in paragraph 11 of his supporting affidavit dated May 11, 2005 and his original motion of the same date before this court and before remand of this proceedings from the United States Court of Appeal for the Second Circuit, a copy of which is attached hereto and made apart hereof.

_____
Robert M. Weichert

## Affirmation

STATE OF NEW YORK         ]
COUNTY OF ONONDAGA    ] ss:

    Robert M. Weichert, affirms under penalty of perjury, that he has read the contents of the above Supporting Affidavit, and knows the contents to be true.

_____
Robert M. Weichert



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

RECEIVED AUG 1 5 2005

Washington, DC 20226
www.atf.gov

AUG 1 0 2005

903010:SIF
3319

Mr. Robert M. Weichert
46 Oswego Street
Baldwinsville, New York 13027

Dear Mr. Weichert:

This is in response to your recent letter to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) concerning the status of ATF's ability to act upon applications for Federal firearms relief, and, also, inquiring whether there is still an appropriations restriction prohibiting the expending of any funds to investigate or act upon applications.

As you are aware, Congress has not provided funding for our firearms relief of disabilities program since October 1992. As a result, appropriation restrictions on ATF remain in effect in fiscal year 2005.

We trust this has been responsive to your inquiry. If further assistance is needed, please contact our Relief of Disabilities Section at 202-927-8040.

Sincerely yours,

David H. Chipman
Chief, Firearms Enforcement Branch

RECEIVED APR 3 1998



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

MAR 30 1998

F:PD:FB:FT:VCP
3319

Mr. Robert M. Weichert
46 Oswego Street
Baldwinsville, New York 13027

Dear Mr. Weichert:

This is in reference to your recent letter to the Bureau of Alcohol, Tobacco and Firearms (ATF) requesting information about obtaining restoration of your Federal firearms privileges.

Under the provisions of the Gun Control Act of 1968, convicted felons and certain other persons are prohibited from possessing firearms. (See 18 U.S.C. section 922(g).) This Act, however, provides the Secretary of the Treasury with the authority to grant relief from this disability where the Secretary determines that the person is not likely to act in a manner dangerous to the public safety. (See 18 U.S.C. section 922(g).) The Secretary has delegated this authority to ATF.

Since October 1992, however, ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities. This restriction was retained in Pub. L. No. 105-61, 111 Stat. 1277, containing ATF's appropriations for 1998. As long as this provision is included in ATF's appropriations legislation, ATF cannot act upon applications for restoration of Federal firearms privileges as submitted by individuals.

Furthermore, the restriction contained in Pub. L. No. 105-61 does not change your status as a prohibited person. You are still prohibited from possessing, receiving, transporting, or shipping firearms under Federal law.

In view of the above, we recommend that you contact our office about obtaining restoration of your Federal firearms privileges if and when Congress acts to remove the restriction currently imposed. The address is as follows: Bureau of ATF, P.O. Box 50220, Tech World Post Office, Washington, DC 20091, ATTN: Restoration Section.

Mr. Robert M. Weichert

If any further assistance is needed, please contact our Restoration Section at 202-927-8040.

                      Sincerely yours,

                      Dale L. Armstrong
                      Section Chief
                      Firearms Branch

RECEIVED SEP 0 6 2005

N.D.N.Y.
05-cv-571
Hurd, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 31st day of August, two thousand and five,

Present:
        Hon. John M. Walker, Jr.
            *Chief Judge*
        Hon. Guido Calabresi
        Hon. Chester J. Straub
            *Circuit Judges.*

---

Robert M. Weichert,
            Petitioner,

v.

United States of America,
            Respondent.

05-3203-op
05-3425-pr

UNITED STATES COURT OF APPEALS FILED AUG 31 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT

---

Petitioner, pro se, appeals from the district court's order construing his motion to "annul, vacate, and set aside the conviction" as a successive 28 U.S.C. § 2255 motion and transferring the case to this Court to determine whether to authorize a successive § 2255 motion. The petitioner's notice of appeal from the transfer order resulted in the appeal docketed under 05-3425-pr. In 05-3425-pr, petitioner moves for a certificate of appealability with regard to the district court's transfer order, and respondent moves for remand to the district court. The transfer order itself resulted in the proceeding docketed under 05-3203-op. In 05-3203-op, petitioner moves for authorization to file a successive § 2255 motion in the district court. Upon due consideration, it is ORDERED that the two matters docketed under 05-3425-pr and 05-3203-op are consolidated for the purposes of this order.

We construe petitioner's motion for a certificate of appealability and respondent's motion for remand filed under 05-3425-pr as motions for remand filed in the proceeding docketed under 05-3203-op. It is hereby ORDERED that the motions for remand in 05-3202-op, so construed, are GRANTED and the matter is remanded to the district court for consideration of petitioner's motion to "annul, vacate, and set aside the conviction," to be construed as a petition for a writ of error coram nobis.

Further, the appeal docketed under 05-3425-pr is DISMISSED for lack of appellate jurisdiction. *See Murphy v. Reid*, 332 F.3d 82, 83-85 (2d Cir. 2003). It is further ORDERED that petitioner's application for leave to file a successive § 2255 motion docketed under number 05-3203-op is DENIED as unnecessary.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

AUG 31 2005

By: *Lucille Carr*

SAO/GW

Proof of Service

I certify that on September 19, 2005, I mailed aa copy of this motion and all attachments to William H. Pease at the following address: P.O. Box 7198, 100 Clinton Street, Syracuse, New York 13261 and Hon. David N. Hurd, United States District Court Judge, U.S. Courthouse-room 300, 10 Broad Street, Utica, New York 13501.

_____
Robert M. Weichert